## 9507

### ANDERSON v. DUNBAR *ET AL.*

#### *(90 S. E. 31.)

ESTOPPEL—CONDUCT.—Plaintiff, in an action to recover real estate, was the brother of the defendant's grantor, and had prepared the deed and had been the notary before whom the deed was probated. The grantor died before all the price was paid and before the deed was delivered. Plaintiff was his executor, and sued to partition land from which the land involved had been taken and during the pendency of that suit called on defendant to pay the balance of the price and delivered the deed to him. Defendant did not answer in the suit, and plaintiff bought the land at partition sale. *Held,* that the defense of estoppel was sustained.

Before SHIPP, J., Barnwell, July, 1915.    Affirmed.

Action by H. P. Anderson against Isaac Dunbar and another for the recovery of real estate. Judgment for defendant, and plaintiff appeals.

The decree of the Circuit Judge was as follows:

This is an action for the recovery of the real estate described in the complaint. The defendant answered; the second defense pleaded, being the plea of estoppel. The cause by agreement was referred to the master to take the testimony. The cause came before me on the testimony taken by the master. It was agreed at the hearing by counsel that the plaintiff has title to the land in question, and the only question before me is: Has the defendant sustained the plea of estoppel? I answer the question in the affirmative. It appears that plaintiff here is the brother of defendants, grantor to the lot in question, and the plaintiff prepared the deed by which the land in question was granted to defendant by the plaintiff's brother, Miller Anderson. He was also the notary before whom the deed was probated. The deed was dated in January, 1904, at which time the plaintiff's brother, Miller Anderson, was paid $25 of the purchase

money and the grantor, Miller, did not deliver the deed, retaining it with the agreement that it should be delivered upon the defendant's paying the balance of the purchase money, to wit, $50. Miller Anderson died before the deed was delivered, and the plaintiff here was the executor of the estate of Miller Anderson. In October, 1905, the present plaintiff, with others, instituted a suit against Mrs. D. G. Weeks for the partition of certain lands, being lands from which the land in question had been cut and involving title to this land. During the pendency of that suit in January, 1906, the plaintiff, who was the executor of Miller Anderson's estate, called on defendant to pay the balance of the purchase money, to wit, $50, on the lot sold to him by Miller Anderson, and receive the balance of the purchase money and delivered the deed to defendant. The defendant testifies that plaintiff then represented to him that the title of Miller Anderson was all right. A few days after the deed was delivered to defendant, plaintiff made him party defendant in the case of *H. P. Anderson et al.* v. *Mrs. D. G. Weeks,* thus putting in issue the title to the lot in question. Defendants did not answer in that suit, and the plaintiffs prevailed in the suit, and the lands were sold for partition, and the plaintiff bought the lot in question here and received the master's deed. He then instituted this suit for possession of the lot in question. I hold that the plea of estoppel has been sustained, and it is, therefore, ordered, adjudged, and decreed that plaintiff is estopped from asserting his title against the defendant or defendant's grantee, and the complaint is dismissed, with costs.

*Mr. R. C. Holman,* for appellant.
*Mr. R. A. Ellis,* for respondent.

September 14, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Judgment affirmed for the reasons stated by the Circuit Judge.

---

## 9515

### BAKER-JENNINGS HARDWARE CO. v. CULP.

### SULZBERGER & SONS CO. OF AMERICA v. SAME.

### BROWN MFG. CO. v. SAME.

(90 S. E. 26.)

1. ACTION — COMMENCEMENT — SERVICE OF SUMMONS. — An action was commenced when the summons was served.

2. APPEARANCE—NECESSITY.—After commencement of an action by the service of summons, it was the defendant's duty, if he decided to contest the action, to give the plaintiff notice of appearance and to demand a copy of the complaint, according to the Code provision.

3. JUDGMENT — DEFAULT — FAILURE TO ANSWER. — Where a defendant, after commencement of an action by the service of summons, gave no notice of appearance and did not demand a copy of the complaint, a default judgment was properly entered.

4. APPEAL AND ERROR—OPENING DEFAULT JUDGMENT—DISCRETION OF COURT.—The exercise of the Circuit Court's discretion in the granting of a motion to open a default judgment is conclusive, unless it be patently wrong or the Court has abused its discretion.

5. JUDGMENT — DEFAULT JUDGMENT — ANSWER—EXCUSABLE NEGLECT.— Where defendant's counsel wrote plaintiff's counsel that no itemized or certified statement of the account sued on was attached to the complaint, and requested such a statement to prepare an answer in the case, and that none was furnished, there was a case of excusable neglect, and the Court properly, on defendant's motion, opened the default judgment.

6. JUDGMENT—OPENING DEFAULT—EXCUSABLE NEGLECT.—A judgment ought not to be opened for excusable neglect alone, but there must be a *prima facie* showing that the judgment is wrong, and that the party sued has a good defense to the stated cause of action.

7. JUDGMENT—OPENING DEFAULT JUDGMENT—DISCRETION—AFFIDAVIT.— Granting of motion to open default judgments in actions on account, upon affidavit construed as setting up the defenses of payment and denial of *the amount, held* not an abuse of the trial Court's discretion.